Filed 10/9/13  P. v. Fike CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN HARRY FIKE,<br><br>    Defendant and Appellant. | F065632<br><br>(Super. Ct. No. BF139708B)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Richard Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

Appellant, Jonathan Harry Fike, pled no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 10, 2011, at approximately 2:00 a.m., Bakersfield Police Officer Clifton Ary was on patrol with Officer Trevor Jones when they observed a Honda Civic being driven in the parking lot of a Toys R Us store with no light on its rear license plate and one brake light off. After the Honda stopped, Officer Jones contacted Fike, the driver, while Officer Ary contacted Fike's brother, who was seated in the front seat. Officer Jones asked Fike and his brother for consent to search the vehicle and their persons and they both consented. The officers then searched Fike and his brother and on each of them found a small baggie containing suspected methamphetamine. In a purse-type wallet wedged between the driver's seat and the console, the officers found approximately five individually packaged bindles of suspected methamphetamine.

On March 2, 2012, the district attorney filed an information charging Fike and his brother with one count each of transportation of methamphetamine (counts 1 & 3/Health & Saf. Code, § 11379, subd. (a)) and possession for sale of methamphetamine (counts 2 & 4/Health & Saf. Code, § 11378).

On March 28, 2012, Fike's brother filed a motion to suppress.

On April 5, 2012, Fike joined in the motion.

On May 14, 2012, the court heard and denied the motion to suppress.

On May 25, 2012, Fike pled no contest to possession for sale of methamphetamine in exchange for the dismissal of the remaining count charged against him and a mitigated 16-month local jail term.

On August 7, 2012, the court sentenced Fike to the stipulated jail term of 16 months.

2

Fike's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Fike has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.